UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRANCISCO ALVAREZ, | ) | |
| Petitioner, | ) | 2:07-cv-0604-JCM-RJJ |
| vs. | ) | |
| | ) | ORDER |
| BRIAN WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

This action is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by pro se petitioner Francisco Alvarez, a Nevada prisoner. Before the court is petitioner's motions to consolidate cases (docket #32 and #33) and his motion for stay and abeyance (#37). Respondents oppose consolidation of the cases (docket #34).

On December 9, 2009, petitioner submitted a petition for writ of habeas corpus which was filed as a new matter. Ultimately, petitioner indicates that it was his intention to file the petition in this case as an amendment to the original petition. The new petition did not include a case number, did not indicate it was an amended petitioner and raised a single claim of actual innocence. The respondents oppose consolidation based upon the late and improper filing of the "amended" petition, the status of the present action and the fact that the claim presented would be untimely filed under *Mayles v. Felix,* 545 U.S. 644 (2005). The court agrees.

As previously discussed in addressing a prior motion to file additional pages or an

1  amended petition (docket #19), this proposed amendment would not relate back to the claims raised
2  in petitioner's original petition and would be subject to dismissal.  As a result, the motion to
3  consolidate shall be denied and the amended petition transferred to this case by order in case number
4  2:09-cv-2346-RCJ-RJJ shall be dismissed with prejudice.

5        In his motion for stay and abeyance, petitioner cites, without analysis, various United
6  States Supreme Court and Ninth Circuit Court of Appeals cases  addressing the processes available
7  to permit a petitioner to return to state court to exhaust claims presented in a mixed petition such as
8  is before the court here.  Petitioner requests a stay and abeyance, but makes no attempt to show cause
9  to excuse his failure to exhaust the claims in state court as is required under *Rhines v. Weber,* 544
10 U.S. 269 (2005).  Thus, he is not entitled to have a mixed petition stayed in this court.  As a result,
11 the court will employ the procedures set out in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), and
12 revisited in *King v. Ryan*, 564 F.3d 1133, 1138-39 (9th Cir.), cert. denied, 130 S.Ct. 214 (2009),
13 which requires that the petitioner agree to dismiss his unexhausted claims from the federal petition
14 without prejudice in order to have the action stayed.  The court expresses no opinion and makes no
15 finding as to whether the claims dismissed without prejudice at petitioner's request will be timely if
16 reasserted later in an amended federal petition following exhaustion.  *See,e.g., King*, 564 F.3d at
17 1140-43.

18       **IT THEREFORE IS ORDERED** that the petitioner's motions to consolidate
19 (dockets #32 and #33) are **DENIED.** The "amended" petition filed at docket #38 shall be
20 **DISMISSED WITH PREJUDICE**.

21       **IT IS FURTHER ORDERED** that petitioner's motion for a stay of proceedings
22 (docket #37) is **GRANTED,** subject to the remaining provisions of this order.

23       **IT FURTHER IS ORDERED** that grounds three, six, nine, eleven, twelve, fourteen
24 and fifteen are **DISMISSED without prejudice:**

25       **IT FURTHER IS ORDERED** that this action is **STAYED** pending exhaustion of
26 the unexhausted claims.  Petitioner may move to reopen the matter following exhaustion of the

1  claims or otherwise may move to reopen the matter at any time and seek any relief appropriate under
2  the circumstances.

3       **IT FURTHER IS ORDERED** that the grant of a stay is conditioned upon petitioner
4  filing, if same has not been filed previously, a state post-conviction petition or other appropriate
5  proceeding in state district court within forty-five (45) days of entry of this order and returning to
6  federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the
7  Supreme Court of Nevada at the conclusion of all state court proceedings.

8       **IT FURTHER IS ORDERED** that, with any motion to reopen filed following
9  completion of all state court proceedings pursued: (a) petitioner shall attach an indexed set of
10 exhibits including copies of (i) the petition or other proceeding that he filed in the state district court
11 during the stay, (ii) the state district court's written decision, (iii) the papers that he filed in the state
12 supreme court on appeal from the state district court's decision, and (iv) the state supreme court's
13 decision and remittitur; and (b) if petitioner intends to amend the petition, he shall file a motion for
14 leave to amend along with the proposed amended petition or a motion for extension of time to move
15 for leave to amend.

16      **IT FURTHER IS ORDERED** that the clerk of court shall
17 **ADMINISTRATIVELY CLOSE** this action until such time as the court grants a motion to reopen
18 the matter.

19      DATED this 13th day of May, 2010.

                                               /s/ James C. Mahan
                                       UNITED STATES DISTRICT JUDGE