UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| FRANCISCO ALVAREZ, | ) | 2:07-cv-0604-JCM-RJJ |
| Petitioner, | ) | |
| | ) | **ORDER REOPENING CASE** |
| vs. | ) | |
| BRIAN WILLIAMS, *et al.*, | ) | |
| Respondents. | ) | |

Petitioner has filed a motion seeking to reopen this habeas corpus case and to file an amended petition (ECF No. 40). Respondents have responded to the motion (ECF No. 41) opposing both reopening of the matter and any amendment of the petition. Petitioner filed his reply (ECF No. 43).

**I.    Discussion**

    A.    Procedural Background

On May 7, 2007, petitioner filed his original federal habeas corpus petition in this matter (ECF No. 1), and respondents were directed to respond. Before the response was filed, petitioner filed an amended petition (ECF No. 12) and a motion seeking leave to file the amended petition with extra pages (ECF No. 12). The court reviewed the motion and determined that the amendment was permitted, but that some of the new claims raised were untimely as they did not relate back to the original petition. (ECF No. 19.) The court dismissed grounds 4, 5, 7, and 10 as untimely. Respondents filed their answer (ECF No. 23) on November 25, 2008. The answer

included arguments that certain claims were not exhausted.  Petitioner filed a reply to the answer on December 12, 2008 and a traverse on July 19, 2009.  While the matter was submitted for decision, petitioner moved for a stay and abeyance in order to return to state court.  After reviewing the motion for stay, the court determined that the unexhausted claims must be dismissed from the action without prejudice because petitioner had failed to make a showing of good cause for his failure to exhaust, as required by *Rhines v. Weber,* 544 U.S. 269, 276-78 (2005).  Instead, the court employed the procedure outlined in *Kelly v. Small,* 315 F.3d 1063 (9th Cir. 2009) and *King v. Ryan,* 564 F.3d 1133, 1138-39 (9th Cir., *cert. denied*, 130 S.Ct. 214 (2009), dismissing grounds 3, 6, 9, 11, 12, 14 and 15 of the petition without prejudice.  The action was dismissed without prejudice, and the case closed administratively, pursuant to an order entered May 13, 2010 (ECF No. 39).

On July 12, 2011, petitioner moved to reopen his case and for leave to file an amended petition.  Respondents oppose the motion to reopen on the basis that petitioner failed to follow the directions of the court by including a copy of his state court petition and the state district court's findings of fact and conclusions of law.  Petitioner provided the court with a copy of the Nevada Supreme Court's decision on his most recent post-conviction petition giving both this court and respondents information as to the outcome of the proceedings.  The motion to reopen shall be granted.

Respondents also oppose the motion to file an amended petition. The proposed amendment is attached to the motion to reopen.  On this point, respondents argue that allowing amendment would be futile where the statute of limitations for raising new grounds before this court has expired and the grounds that petitioner seeks to reassert in the amended petition would not relate back to any grounds not dismissed from the original petition.  Petitioner replies that the state court failed to inform him of the thirty-day period to file an appeal and, as a result, all claims in his federal petition should have been deemed timely and protected from arguments that the grounds were not exhausted.  He suggests his lack of mastery of the English language warrants special treatment.

B.     The Proposed Amended Petition

Petitioner's amended petition revives all the grounds of his original petition including grounds 4, 5, 7, and 10 which were dismissed with prejudice as untimely (ECF No. 19), ground 1 which was dismissed with prejudice as procedurally barred and grounds 3, 6, 9, 11, 12, 14, and 15, which were dismissed without prejudice because they were unexhausted (ECF No. 36). The proposed amended petition also offers argument as to cause and prejudice to overcome the procedural bar imposed by the Nevada Supreme Court when it dismissed his latest state post-conviction appeal. The argument appears to be that he was afforded ineffective assistance of counsel on post-conviction appeal where counsel failed to raise the unexhausted grounds on appeal.

C.     Relation Back

As noted, respondents argue the amended petition should not be permitted as the claims previously dismissed but raised again in the amended petition are untimely and do not relate back to any surviving claims in the original amended petition. The court may review a habeas claim only if it is brought within one year of the time a petitioner's conviction becomes final. 28 U.S.C. § 2244(d). Where a claim is brought to the court after more than one year has past, that claim will only be considered timely if it relates back to other claims already before the court. Relation back depends on the existence of a common "core of operative facts" uniting the original claims and newly asserted claims. *Mayles v. Felix,* 545 U.S. 644, 661, 125 S.Ct. 2562 (2005) citing *Clipper Express v. Rocky Mountain Motor Tariff Bureau, Inc.,* 690 F.2d, 1246, 1259, n. 29 (9th Cir. 1982). New claims do not relate back when the new claims depend on events separate in "both time and type" from the originally-raised episodes. *Id.*

As previously reviewed in the court's order of October 10, 2008, the record reveals that petitioner was convicted on December 17, 2001. Petitioner appealed, and the Nevada Supreme Court affirmed the convictions on March 7, 2003. The limitations period for filing a federal habeas petition began to run on June 5, 2003, after the expiration of the ninety-days period for seeking certiorari from the United States Supreme Court expired. The one year period expired on Jun 6,

2004, unless the period was tolled by a "properly filed application" for post conviction or other collateral relief in the state court. 28 U.S.C. § 2244(d)(2); *see Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (stating the AEDPA's one-year statute of limitations does not begin to run until after the ninety-day period for seeking certiorari review with the United States Supreme Court expires).

Petitioner filed his state habeas corpus petition on February 5, 2004, and 245 days of the one-year period expired. The state trial court denied the habeas corpus petition on February 1, 2007. No appeal was filed. Therefore, the statute of limitations for filing a federal petition began to run again on March 3, 2007, or thirty days after the trial court denied the petition. The federal habeas corpus petition was mailed on May 2, 2007, using an additional 60 days, making a total of 305 days before petitioner originally arrived at this federal court.

Moreover, the filing of the federal petition did not toll the statute of limitations period contained in the AEDPA. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2000). Therefore, the one-year time limitation continued to run after the filing of the federal petition. The first amended habeas corpus petition was not timely filed, as petitioner only had an additional sixty days from May 2, 2007, in which to file an amended petition. *See Raspberry v. Garcia*, 448 F.3d 1150, 1155 (9th Cir. 2006). The amended petition had to be filed by July 1, 2007. As a result, the proposed second amended petition is also untimely and any grounds that do not relate back to petitioner's original petition must be dismissed unless they share a common core of operative facts with those claims made in the original petition and not previously dismissed on any other basis, e.g. ground two: insufficient evidence to support the jury's finding of guilt.

None of the new or renewed grounds in the proposed second amended petition relate to the issue of sufficiency of the evidence. As a result, they do not relate back under *Mayle,* and may not be brought as they are untimely.

**II.     Conclusion**

The motion to reopen shall be granted. The amendment to the petition shall not be permitted as the "new" grounds are brought more than one year after petitioner's conviction became

final and none of the claims relate to other claims which were not previously dismissed from the petition prior to the stay.  Grounds 2, 8 and 13 of the original amended petition (ECF No. 12) survive.  While an answer  (ECF No. 23) and traverse (ECF No. 26) have already been filed, the court finds it appropriate to give the parties an opportunity to restate their positions or provide supplemental points and authorities on the merits of those grounds.

**IT IS THEREFORE ORDERED** that petitioner's motion to reopen the case and file an amended § 2254 petition (ECF No. 40) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the clerk shall **REOPEN THIS FILE**.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45) days** from entry of this order to restate or supplement their answer to grounds 2, 8 and 13 of the amended petition (ECF No. 12).  Thereafter, petitioner shall have **forty-five (45) days** to restate or supplement his reply to the answer.

Dated this 30th day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE